UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KRAIG SCHULZ                                    :        CIVIL ACTION NO.:

         Plaintiff                          :

V.                                             :

QUAD-LOCK BUILDING SYSTEMS, LTD :        MAY 27, 2008
AND QUAD-LOCK OF EASTERN                        :
MASSACHUSETTS, LLC                              :

         Defendants                         :

## PLAINTIFF HEREBY DEMANDS A JURY TRIAL

## COMPLAINT

NOW COMES, Plaintiff, Kraig Schulz ("Schulz") by and through undersigned counsel to file this Complaint and demands a jury trial in a civil cause of action against the Defendants, alleging upon information and belief as follows:

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A § 1332, based upon complete diversity of citizenship among the parties. Plaintiff is a resident and citizen of Connecticut, United States. The defendant, Quad-Lock of Eastern Massachusetts, LLC ("Quad-Lock of Eastern Mass") is a limited liability company organized and existing under the laws of the Commonwealth of Massachusetts, United States and has a principal place of business in Massachusetts, United States. The defendant, Quad-Lock Building Systems, Ltd ("Quad-Lock") is a corporation organized

16977 0001

One Goodwin Square
225 Asylum Street
Hartford. CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

and existing under the laws of the Province of British Columbia, Canada and has a principal place of business in British Columbia, Canada.  The amount in controversy, exclusive of interest and costs exceeds $100,000.

2.     At all times relevant hereto the Defendants engaged in systematic and continuous business activities in Connecticut and are subject to the jurisdiction of this Court.

3.     Venue is appropriate in this Court pursuant to 28 U.S.C.A. § 1391(a)(2) in that a substantial part of the events giving rise to Plaintiff's claims occurred in Connecticut.

## AS AND FOR A FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

4.     Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 3  of the Complaint, with the same force and effect as if fully set forth at length herein.

5.     Plaintiff is a resident of Connecticut and owns property located at 117 Carlynn Dive in Fairfield, CT ("Property") on which he is constructing a new house.

6.     At all times material hereto Quad-Lock Building Systems, Ltd was in the business of manufacturing, developing, designing, distributing, installing and arranging for the installation of its insulating concrete forming system ("Quad-Lock's ICF System") and related products.

7.     Quad-Lock's ICF System is a lightweight, insulating stay-in-place concrete forming system which Quad-Lock markets as a more energy efficient "green" product

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No  26105

compared to traditionally built wood homes that can be used for foundations, floors and exterior walls.

8. At all times material hereto Quad-Lock of Eastern Mass was approved, recommended, certified and authorized by Quad-Lock to sell and install Quad-Lock's ICF System and related products for Quad-Lock and was also the only entity authorized to install Quad-Lock's products in Connecticut.

9. At all times material hereto Quad-Lock represented to Plaintiff that Quad-Lock of Eastern Mass was properly trained, certified and qualified to install the Quad-Lock ICF System and related products.

10. Quad-Lock further represented that its training programs for installers of Quad-Lock's ICF System and related products "are second to none in the industry" and ensured Plaintiff that Quad-Lock would provide all the necessary on-site assistance for the successful construction of his new home.

11. At all times material hereto Quad-Lock of Eastern Mass also represented to Plaintiff that it was properly trained and qualified to install Quad-Lock's ICF System and related products.

12. On or about April 2007 and in reliance upon the Defendants' representations, Plaintiff agreed to purchase from the Defendants Quad-Lock's ICF System, related products and their installation for the new house he was constructing on the Property. The agreement was made and performed in Connecticut.

13. At all times material hereto Quad-Lock acted as if and represented to Plaintiff that Quad-Lock of Eastern Mass had Quad-Lock's consent and sufficient

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

authority to act on behalf of Quad-Lock with respect to Quad-Lock's ICF System and related products installed at the Property.

14.    At all times material hereto Quad-Lock knowingly permitted Quad-Lock of Eastern Mass to act as if it had said authority from Quad-Lock.

15.    At all times material hereto Quad-Lock intended to cause Plaintiff to believe that Quad-Lock of Eastern Mass was authorized to act for Quad-Lock or Quad-Lock should have realized that's its conduct was likely to create such a belief.

16.    Plaintiff had the right to and did in fact believe that Quad-Lock of Eastern Mass was an agent for and had the necessary authority from Quad-Lock.

17.    At all times material hereto Quad-Lock had the right to and did control the price of its products and the means and methods for the installation of Quad-Lock's ICF System and related products performed by Quad-Lock of Eastern Mass at the Property.

18.    All work by Quad-Lock of Eastern Mass at the Property was performed as an agent for Quad-Lock, within the scope of its authority as an authorized Quad-Lock installer and in furtherance of Quad-Lock's business.

19.    Defendants breached their agreement with Plaintiff in that the Quad-Lock ICF System and related products installed at Plaintiff's new home were defective in the following ways:

a)    Finished ceiling in the family room sagged by approximately 6 inches;

b)    Interior of chimney caved in by approximately 12 inches;

c)    Every window opening was the wrong size, several of which had to be jack-hammered out because Styrofoam was not placed in the top of the opening;

- 4 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

d)      The garage walls are off plumb by approximately 1.5 inches on a 7 foot rise which may prevent the garage door from fitting squarely into the opening. The rest of the wall is similarly angled;

e)      Most exterior walls have significant bows in them where each Quad Deck floor meets the wall. This prevents the anticipated simple installation of EFIS on the exterior and will require hand-cutting and fitting individual furring strips every 6 inches across the entire exterior of the house to straighten out the bows. The bows in the walls also required additional work to straighten out the interior drywall walls as well;

f)      Kitchen / mudroom wall placed 3 inches off plan such that cabinets will not fit unless the wall is dismantled and moved;

g)      Headers not complete above all door ways for interior walls;

h)      Many of the 2x4's and 2x6's were not screwed into track for interior walls;

i)      Cement "cookies" not removed from floor after ceiling/wall pours;

j)      Track for interior wall studs not glued down around stair well, guest closet and other rooms;

k)      Most interior door ways were the wrong size (e.g., 6 inches too big in the office);

l)      Numerous holes/gaps in the concrete walls between the Styrofoam which had to be filled with blown-in foam;

m)      Living room was not poured with equal angles on all sides which created additional work in building the front porch;

n)      Track for interior walls left across nearly every doorway on the floor, which took nearly a day to safely remove; and,

o)      Electrical pipes in mud room were installed 12 inches off of the wall.

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

20.    As a direct and proximate result of the foregoing breaches Plaintiff was forced to expend and continues to expend significant sums of money to repair the defective work performed by the Defendants.

21.    Both Quad-Lock and Quad-Lock of Eastern Mass were repeatedly advised of the foregoing defects and have essentially ignored them leaving Plaintiff to correct them on his own.

22.    The foregoing defects will also directly and proximately result in less energy efficiency and higher costs for Plaintiff over the life of the house for which Defendants are responsible.

23.    In addition to the foregoing defects, Plaintiff has incurred damages due to delays resulting from late product deliveries, insufficient and sporadic manpower working at the house, and repairs, which include but are not limited to loss of use and interference with the enjoyment of his Property.

## AS AND FOR A SECOND CAUSE OF ACTION
## NEGLIGENCE

24.    Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 23 of the Complaint, with the same force and effect as if fully set forth at length herein.

25.    Defendants owed and breached their duty to Plaintiff to perform and install their work at the property with reasonable care and in conformance with the applicable standard of care.

- 6 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

26.    Quad-Lock owed and breached its duty of care to Plaintiff to not allow an incompetent and untrustworthy representative install Quad-Lock's ICF System and related products at the Property.

27.    It was foreseeable that Plaintiff could be harmed by the negligence of the Defendants.

28.    The damages incurred by Plaintiff including that described in paragraphs 20, 22 and 23 are the direct and proximate result of Defendants' negligence.

## AS AND FOR A THIRD CAUSE OF ACTION
## NEGLIGLENT MISREPRESENTATION

29.    Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 28 of the Complaint, with the same force and effect as if fully set forth at length herein.

30.    In the course of marketing and selling its ICF System and related products and their installation to Plaintiff, Quad-Lock falsely represented that Quad-Lock of Eastern Mass was qualified, competent and capable of installing the said products for Plaintiff's new house.

31.    Quad-Lock provided this false information for the guidance of Plaintiff in its decision to purchase said products and their installation.

32.    Quad-Lock intended for Plaintiff to rely on the false information provided.

33.    Plaintiff did rely on this false information provided by Quad-Lock.

- 7 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No  26105

34.    Quad-Lock of Eastern Mass was not qualified, competent and capable of installing the Quad-Lock ICF System and related products for Plaintiff's new house and its work resulted in the defects and delays listed above.

35.    Quad-Lock had the means of knowing, should have known and had a duty to know of the qualifications, competence and capabilities of Quad-Lock of Eastern Mass to install the Quad-Lock ICF System and related products for Plaintiff's new house.

36.    Quad-Lock had a duty to exercise reasonable care in obtaining and communicating information to Plaintiff regarding the qualifications, competence and capabilities of Quad-Lock of Eastern Mass to install said products for Plaintiff's new house and Quad-Lock breached this duty.

37.    As a direct result of its reliance on Quad-Lock's false representations plaintiff has suffered damages including that described in paragraphs 20, 22 and 23.

## AS AND FOR A FOURTH CAUSE OF ACTION
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

38.    Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 37 of the Complaint, with the same force and effect as if fully set forth at length herein.

39.    Defendants owed plaintiff a duty of good faith and fair dealing concerning the purchase and installation agreement for Quad-Lock's ICF System and related products.

- 8 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

40.    Defendants were required and expected to exercise the utmost good faith and loyalty in the performance of their duties in compliance with the purchase and installation agreement.

41.    Defendants violated their duty of good faith and fair dealing by performing defective work, delaying work at the Property and by refusing to repair said defects.

42.    Based on the foregoing conduct Plaintiff has suffered damages including that described in paragraphs 20, 22 and 23.

## AS AND FOR A FIFTH CAUSE OF ACTION
## PRODUCT LIABILITY

43.    Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 42 of the Complaint, with the same force and effect as if fully set forth at length herein.

44.    At all times material hereto Quad-Lock's ICF System constituted a product and Quad-Lock was in the business of designing, manufacturing, testing, marketing, selling, installing and distributing Quad-Lock's ICF System and Quad-Lock was a "product seller" under the Connecticut Products Liability Act, Conn. Gen. Stat. §52-572m, *et seq.*

45.    At all times material hereto Quad-Lock's ICF System was put to its intended use.

46.    Quad-Lock is liable and legally responsible to Plaintiff for the damages caused by Quad-Lock's ICF System by virtue of Conn. Gen. Stat. §52-572m, *et seq.*

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

and strict liability in tort in that the components in Quad-Lock's ICF system were not structurally sound enough to hold the concrete they were intended to hold resulting in concrete blowouts and improper panel adherence throughout the house and significant swelling at the juncture for each floor.

47.    Quad-Lock's ICF System was in a defective condition at the time it left Quad-Lock's possession and control and was expected to and did reach the Plaintiff without substantial change in the condition from which it was manufactured and sold.

48.    As a result of the defects in Quad-Lock's ICF System Plaintiff has suffered damages including that described in paragraphs 20, 22 and 23.

## AS AND FOR A SIXTH CAUSE OF ACTION
## VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT ("CUTPA")

49.    Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 48 of the Complaint, with the same force and effect as if fully set forth at length herein.

50.    Plaintiff is a "consumer" as this term is defined under Conn. Gen. Stat. §20-417a(8) for the Quad-Lock ICF System and related products provided to and installed at his new home.

51.    Both Quad-Lock and Quad-Lock of Eastern Mass "engaged in the business" of new home construction and acted as "new home construction contractors" as these terms are defined under Conn. Gen. Stat. §20-417a (4) and (5) for the Quad-Lock products provided to and installed at Plaintiff's new home.

One Goodwin Square
225 Asylum Street
Hartford. CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

52.    Prior to engaging in the business of new home construction (i.e. selling / installing the Quad-Lock ICF System and related products) a new home construction contractor must obtain a certificate of registration from the Connecticut Department of Consumer Protection under Conn. Gen. Stat. §20-417b.

53.    At all times material hereto neither Quad-Lock nor Quad-Lock of Eastern Mass ever had the required certificate of registration to install the Quad-Lock ICF System and related products at the Plaintiff's new house.

54.    Both Quad-Lock and Quad-Lock of Eastern Mass engaged in the business of new home construction without having the necessary certificate of registration in direct violation of Conn. Gen. Stat. §20-417d(d)(5).

55.    Pursuant to Conn. Gen. Stat. §20-417g a violation of Conn. Gen. Stat. §20-417d is deemed an unfair or deceptive trade practice under CUTPA (Conn. Gen. Stat. §42-110(a)).

56.    At all times material hereto both Quad-Lock and Quad-Lock of Eastern Mass were also  "persons" as that term is defined in Conn. Gen. Stat. § 42-110a.

57.    At all times material hereto both Quad-Lock and Quad-Lock of Eastern Mass conducted trade or commerce as defined in Conn. Gen. Stat. § 42-110a.

58.    Both defendants have engaged in unfair acts and practices in the conduct of its construction business in violation of Conn. Gen. Stat. § 42-110b(a) by:

a.    Violating Conn. Gen. Stat. §20-417d as described above;

b.    Falsely representing that Quad-Lock of Eastern Mass was qualified, competent and capable of installing said Quad-Lock products for Plaintiff's new house;

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

c.    Allowing an incompetent and untrustworthy agent and representative of Quad-Lock to install Quad-Lock's ICF System and related products at the Property; and

d.    Failing and refusing to assist Plaintiff in dealing with the defects and accomplishing the necessary repairs.

59.    In so doing, both Defendants have exhibited a reckless indifference to the rights of Plaintiff.

60.    As a result of the foregoing Plaintiff has suffered an ascertainable loss, including the damages described in paragraphs 20, 22 and 23.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No  26105

WHEREFORE, Plaintiff claims:

a.    Compensatory / Monetary damages within the jurisdiction of the court together with interest and costs on all counts;

b.    Attorney's fees, costs and punitive damages pursuant to Conn. Gen. Stat. § 42-110g for the Sixth Count; and

c.    Such other and further relief as this Court may deem just and proper.

THE PLAINTIFF,
KRAIG SCHULZ

By _____
William S. Wilson, II
Fed. Bar No. ct17616
HALLORAN & SAGE LLP
His Attorneys

930945v 1
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105